# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WAYNE GREEN (#493419)**                                      **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, WARDEN**                                       **NO. 14-0654-SDD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 27, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WAYNE GREEN (#493419)**                                     **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, WARDEN**                                      **NO. 14-0654-SDD-EWD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed a Response in opposition to Petitioner's application, and Petitioner has filed a Traverse to the State's Response. There is no need for oral argument or for an evidentiary hearing. The Court concludes that Petitioner's application is untimely.

Petitioner, Wayne Green, challenges his 2007 convictions and sentences entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of aggravated rape and one count of armed robbery. Petitioner contends that (1) he was provided with ineffective assistance of counsel when his trial attorney failed to conduct an adequate investigation and failed to subpoena important defense witnesses, (2) he was provided with ineffective assistance of counsel when his trial attorney failed to file a motion pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to challenge the testimony of the State's DNA expert, (3) he was provided with ineffective assistance of counsel when his trial attorney failed to subpoena one or more expert witnesses to contest the validity of the State's showing relative to DNA and fingerprint evidence, (4) the prosecution engaged in misconduct during closing arguments by referring to evidence that had not been introduced during trial, (5) he was provided with ineffective assistance of counsel

when his trial attorney failed to object to the aforementioned prosecutorial misconduct, and (6) he was denied his Sixth Amendment right to confrontation.

A review of the record reflects that Petitioner was indicted on charges of aggravated rape and armed robbery. After a jury trial conducted in July 2007, Petitioner was convicted on both counts. After the denial of post-trial motions, Petitioner was sentenced to serve life imprisonment in connection with the aggravated rape charge and to fifty (50) years in confinement in connection with the armed robbery charge, with these sentences to be served concurrently and without the benefit of probation, parole or suspension of sentence.

Petitioner appealed, asserting only a claim that the evidence was insufficient to support the armed robbery conviction. On May 14, 2008, the Louisiana Court of Appeal for the First Circuit affirmed Petitioner's convictions and sentences. *See State v. Green,* 984 So.2d 966, 2008 WL 2048281 (La. App. 1 Cir. 2008). On or about June 2, 2008,[1] Petitioner thereafter filed a *pro se* application for rehearing in the First Circuit Court, which application was denied on or about June 18,

---

1   Petitioner's application for rehearing in the Louisiana First Circuit Court of Appeal was not dated but refers therein to Petitioner's receipt of the appellate court's Ruling on June 2, 2008, and his application was stamped "Received" in the state appellate court on June 3, 2008. The United States Court of Appeals for the Fifth Circuit has instructed that federal habeas courts within the State of Louisiana must apply Louisiana's "mailbox rule" when determining the filing date of a petitioner's state court filings. Accordingly, pleadings submitted by a *pro se* habeas petitioner are considered to be "filed" in state court as of the moment that the prisoner places them in the prison mail system for submission to the court, not on the date that the pleadings are ultimately received or docketed by the receiving court. *See Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006); *Lane v. Rogers*, 2012 WL 3160034, *1 n. 3 (E.D. La. June 21, 2012). Although Petitioner's application for rehearing was not dated, the Court is able to infer from Petitioner's reference therein to a June 2, 2008 date and from the state court's receipt of the application the next day on June 3, 2008 that the envelope forwarding the application to the state court was likely placed in the mail on June 2, 2008, which is the earliest date that the Court can utilize as the date he potentially gave it to prison officials for mailing. In the interest of fairness, the Court will utilize that date as the presumptive date of filing. In addition, unless otherwise noted, the Court in hereafter referencing the dates of filing of Petitioner's various *pro se* pleadings in the state courts and in this Court, will utilize the dates that Petitioner apparently signed his respective pleadings, if ascertainable, as the dates of filing thereof in the respective courts.

2008. In the interim, on or about June 13, 2008,[2] while the application for rehearing was still pending before the intermediate appellate court, Petitioner filed an application for supervisory review in the Louisiana Supreme Court, which Court denied review without comment on February 13, 2009. *See State v. Green*, 999 So.2d 1145 (La. 2009). Upon the failure of Petitioner to thereafter file an application for a writ of certiorari in the United States Supreme Court, his convictions and sentences became final on May 14, 2009 upon expiration of the ninety-day period allowed for him to do so. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (recognizing that a conviction becomes final for federal purposes after the 90-day period allowed for a petitioner to proceed in the United States Supreme Court if he has not pursued such relief).[3]

---

2  Petitioner's Louisiana Supreme Court writ application was not dated by him. However, the state court record contains a copy of correspondence forwarded to Petitioner on June 26, 2008, which states that Petitioner's application was received by the Supreme Court on that date and that the forwarding envelope was "metered" on June 13, 2008, which latter date is the earliest date that this Court can utilize as the presumptive date of filing.

3  The State contends that Petitioner's convictions and sentences became final on June 18, 2008, upon the denial of his application for rehearing in the intermediate appellate court on direct appeal. The basis for this contention is an assertion that, by law, Petitioner was not allowed to proceed before the Louisiana Supreme Court while his First Circuit application for rehearing was still pending and that, by doing so, Petitioner rendered his subsequent premature Supreme Court proceedings inoperative and of no legal effect. This Court is not persuaded by the State's contention. Specifically, Louisiana Supreme Court Rule X, § 5(a) provides a mandatory 30-day time period for an applicant to seek supervisory review before that Court from an adverse ruling of the intermediate appellate court. Rule X further provides that "if a *timely* application for rehearing has been filed in the court of appeal," the 30-day time period for proceeding in the Louisiana Supreme Court is extended. (Emphasis added). Petitioner asserts correctly, however, that his application for rehearing before the intermediate appellate court was not timely and therefore did not extend the time for him to proceed before the Louisiana Supreme Court. *See* Rule 2-18.2 of the Uniform Rules of the Louisiana Courts of Appeal, which provides that "an application for rehearing must be filed with the clerk on or before fourteen days after the rendition of the judgment." Specifically, the appellate court judgment that Petitioner sought to be reheard was rendered on May 14, 2008, and his application for rehearing was not filed until June 2, 2008, clearly outside of the 14-day period allowed by Rule 2-18.2. Accordingly, the mandatory 30-day time period for proceeding before the Louisiana Supreme Court was not extended by the untimely filing, and Petitioner appropriately filed his Supreme Court writ application within that 30-day period, *i.e.*, on or about June 13, 2008. As a result, the Court does not accept the State's argument that Petitioner's writ application before the Supreme Court was not properly filed and that the proceedings thereon were of no legal effect.

Nine days short of the one-year anniversary of the finality of his conviction, on or about May 5, 2010,[4] Petitioner filed an application for post-conviction relief ("PCR") in the state trial court, wherein he asserted the claims that are raised herein. Pursuant to Ruling dated April 19, 2013,[5] the trial court accepted a Recommendation issued by the state court Commissioner on August 21, 2012 and denied Petitioner's PCR application on substantive grounds, finding the claims therein to be without merit. According to Petitioner, however, the state court clerk's office did not forward a copy of the trial court's April 19, 2013 Ruling until August 5, 2013, more than three months after the Ruling was issued, and Petitioner further asserts that the Ruling was not received in the prison Mailroom until August 8, 2013 and was not personally received by him until August 12, 2013. In support of these assertions, Petitioner has attached as exhibits to the instant habeas corpus application copies of documentation that arguably supports these contentions. *See* R. Doc. 1-2 at pp. 18-19.

Upon receipt of the Ruling denying his PCR application in the trial court in August 2013, and accepting for purposes of this Report that a copy thereof was not forwarded to Petitioner until that time, Petitioner then filed, on or about September 3, 2013, four weeks after the mailing of the Ruling and three weeks after Petitioner's alleged receipt thereof, an application for supervisory review before the Louisiana Court of Appeal for the First Circuit.[6] That Court denied review, without comment, on November 21, 2013. *See State v. Green*, 2013 WL 12120946 ((La. App. 1 Cir. Nov. 21, 2013). Petitioner also filed a subsequent timely application for further review before the Louisiana Supreme

---

4   Petitioner's application for post-conviction relief filed in the state trial court is not dated, but he asserts that he filed same on May 5, 2010 and an affidavit attached to his application bears that date.
5   The State, in its response to Petitioner habeas application before this Court asserts that the state trial court denied Petitioner's PCR application on March 13, 2013. This appears to be an error inasmuch as an Extract from the Minutes of the state court reflect that the denial was issued on April 19, 2013.
6   Petitioner's writ application filed in the First Circuit Court does not appear to be dated, but Petitioner has asserted in both the state courts and in this Court that he submitted the writ application for filing on September 3, 2013, and the Court has no reason to question this assertion.

Court, which Court denied review, again without comment, on October 10, 2014. *See State ex rel. Green v. State*, 150 So.3d 893 (La. 2014).

Finally, on or about October 14, 2014, four days after the above-referenced writ denial in the Louisiana Supreme Court, Petitioner filed his federal habeas corpus application before this Court. As discussed hereafter, and based on the foregoing procedural recitation, the Court concludes that Petitioner's application should be dismissed as untimely.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a subsequent properly-filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are not any properly-filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. *Flanagan v. Johnson,* 154 F.3d 196, 199 n. 1 (5th Cir. 1998). *See also Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and procedural rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a state application is seen to be "pending" both while it is before a state court for review and also during the interval of time after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, as noted above, Petitioner's conviction became final on May 14, 2009, ninety (90) days after denial of his application for supervisory review in the Louisiana Supreme Court in connection with his direct appeal. *See Roberts v. Cockrell*, *supra,* 319 F.3d at 694. The one-year time clock then began to run the next day, and it is clear that Petitioner then allowed 355 days of un-tolled time to elapse, almost a year, before he filed an application for post-conviction relief in the state trial court on May 5, 2010. At that point, Petitioner had only ten (10) days remaining in the one-year limitations period. With the filing of Petitioner's PCR application on May 5, 2010, the limitations period became tolled and remained tolled until the state trial court denied the PCR application on April 19, 2013. The limitations period also remained tolled by operation of law for an additional thirty-day period thereafter, until May 19, 2013, during which time Petitioner was authorized by Louisiana law to seek further review before the intermediate appellate court. This is because Louisiana procedural law provides for a 30-day period to proceed to the next level of state review, *see* Rule 4-3, Uniform Rules, Louisiana Court of Appeal, and because, as explained above, the limitations period remains tolled for federal purposes both during the time that a properly-filed post-conviction review application is pending and also during the interval after the ruling thereon when there is the right under state law to proceed to the next level of state review. *Melancon v. Kaylo, supra*, 259 F.3d at 406.

Notwithstanding the foregoing, the applicable limitations period again began to run on May 20, 2013, after the expiration of the 30-day period allowed to Petitioner to seek further review before the intermediate appellate court. This is because, as explained above, Petitioner contends that the state court clerk's office allegedly did not notify him of the April 19, 2013 denial of his PCR application until several months later in August 2013. As a result, Petitioner did not file a timely application for supervisory review in the First Circuit Court of Appeal within the thirty-day period after the April 19, 2013 denial of his PCR application, and there was then no pending application for post-conviction relief until Petitioner did file such an application on September 3, 2013. It appears, therefore, that an

additional period of 106 days of un-tolled time elapsed, *i.e.*, between May 19 and September 3, 2013, before Petitioner again tolled the limitations period by filing the application for supervisory review in the intermediate appellate court on September 3, 2013. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) ("Even if we accept [the petitioner's] contention that he did not receive notice of the denial …, the state petitioner was not 'pending' during that subsequent four-month delay").

Upon the filing of Petitioner's application for review in the First Circuit Court, it appears that Petitioner's PCR proceedings again became tolled and thereafter remained tolled through the date of the denial thereof in the intermediate appellate court (which was denied on November 21, 2013) and through the subsequent timely review before the Louisiana Supreme Court. Thus, the limitations period remained tolled during that interval and did not begin to run again October 11, 2014, the day after the conclusion of Petitioner's PCR proceedings on October 10, 2014, when the Louisiana Supreme Court denied supervisory review in connection with Petitioner's PCR application. *See State ex rel. Green v. State, supra*, 150 S.3d 893. It further appears that Petitioner filed the instant federal habeas corpus application in this Court three days later on October 14, 2014.

Based upon the foregoing recitation, it is clear from the record that Petitioner's application for federal habeas corpus relief before this Court is in fact untimely. Indeed, Petitioner concedes as much. *See* R. Doc. 1 at p. 24 (where Petitioner explicitly acknowledges that his application is "not timely"). Specifically, in addition to the initial 355-day interval that elapsed before Petitioner commenced his post-conviction review proceedings, there was an additional lengthy period of un-tolled time as discussed above, totaling one hundred six (106) days, that resulted from the late notification provided by the state court clerk's office, together with the three (3) days that elapsed after conclusion of Petitioner's PCR proceedings, that must be included in the pertinent calculation, resulting in a finding that Petitioner's application herein is untimely. Absent statutory or equitable

tolling, therefore, as hereafter discussed, it appears that Petitioner's application is subject to dismissal for this reason.

In seeking to avoid the effect of the limitations period, Petitioner contends that the late notification provided to him by the state court clerk's office relative to the denial of his PCR application in the trial court on April 19, 2013 supports a finding that this period should not be counted against him. In support of this contention, he asserts that he has diligently pursued his state post-conviction relief proceedings, having written numerous letters to the state court inquiring about the status of the pending PCR application, *see* R. Doc. 1-2 at pp. 8-16, having filed his writ application in the intermediate appellate court on September 3, 2013, within four weeks of the state court clerk finally mailing notice – on August 5, 2013 – of the trial court's Ruling of April 19, 2013 denying his PCR application, and having filed his federal habeas application in this Court on October 14, 2014, four days after the conclusion of his PCR proceedings in the Louisiana Supreme Court on October 10, 2014. This contention may be interpreted as asserting that the delay in notifying him of the denial of his PCR application in the state trial court should result in either (1) statutory tolling under 28 U.S.C. § 2244(d)(1)(B), which provides for the tolling of the limitations period when a petitioner faces an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States," or (2) equitable tolling in light of the particular facts of this case. In this regard, equitable tolling of the limitations period may be available in rare instances if "some extraordinary circumstance stood in [the petitioner's] way and prevented timely filing." *See Holland v. Florida*, 560 U.S. 631, 649 (2010). This Court will address both potential avenues for additional tolling in the instant case.

<u>Statutory Tolling</u>

Pursuant to 28 U.S.C. § 2244(d)(1)(B), the limitations period does not run against a habeas petitioner during the period that he faces a state-created impediment to filing that is "in violation of the

Constitution or laws of the United States." By its terms, this provision applies only "if the applicant was prevented from filing by such State action." Thus, a petitioner asserting a state-created impediment under this provision has the burden of showing that "(1) he was prevented from filing a federal habeas corpus petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

The Court concludes in the instant case that the statutory tolling provided by this provision is not applicable to Petitioner's habeas corpus application before this Court. Specifically, the Fifth Circuit has strongly suggested that the statutory tolling which results from a state-created impediment under § 2244(d)(1)(B) is not triggered by a state court's mere delay in notifying a petitioner regarding the issuance of a ruling or order in the state court proceedings. Thus, in *Critchley v. Thaler*, 586 F.3d 318 (5th Cir. 2009), the Court noted that when the state merely "fails to provide notice of its ruling on a state habeas petition to the affected petitioner ..., equitable tolling rules govern that situation" instead of statutory tolling. *See id*. at 321 n. 3, *citing Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). *See also Clarke v. Rader*, 721 F.3d 339, 343 (5th Cir. 2013) (noting that "[w]e have serious reservations about whether the State's failure to notify [the petitioner] of the ... denial provides a basis for a statutory tolling claim rather than merely an equitable tolling claim"). *Cf., Williams v. Thaler*, 400 Fed. Appx. 886, 889 (5th Cir. 2010) (noting that it is "unclear" whether a state's failure to provide notice of a writ denial "is a violation of constitutional or federal law under § 2244(d)(1)(B)"). In addition, it appears that the courts have routinely applied an equitable tolling analysis in the context of delayed notification claims instead of a statutory tolling analysis. *See Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (noting that "[l]ong delays in receiving notice of state court action may warrant equitable tolling" but that a petitioner must show "'diligence and alacrity' both before and after receiving notice"). Thus, it does not appear that the mere failure of the state trial court in this case to send Petitioner a copy of the decision of April 19, 2013 denying his PCR application constitutes State

action that is "in violation of the Constitution or laws of the United States" or is sufficient to invoke the statutory tolling provided by § 2244(d)(1)(B).[7]

### Equitable Tolling

The one-year federal limitations period may also be subject to equitable tolling but only "in rare and exceptional circumstances." *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled ... or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In order to be entitled to equitably tolling, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements, (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo, supra*, 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library are not generally sufficient to warrant equitable tolling. *Tate v. Parker*, 439 Fed. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171-2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and also after the conclusion

---

7   The Court further notes that it seems inappropriate to afford Petitioner the benefit of statutory tolling under this section when he himself waited until the one-year limitations period was almost expired before commencing post-conviction review proceedings, thereby allowing himself little leeway in the event of an unanticipated delay in notice from the state courts. It defies reason and logic to conclude that a delay in notice would then be seen to constitute a state-created impediment "in violation of the Constitution" that "prevented" Petitioner from timely filing when there was nothing that apparently prevented him from timely filing during nearly the entirety of the preceding year.

of those proceedings in the state appellate courts. *See Ramos v. Director*, 2010 WL 774986, *4 (E.D. Tex. March 1, 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id*. at 649-50. In addition, whereas it has been found that "[l]ong delays in receiving notice of state court action" may constitute extraordinary circumstances that warrant equitable tolling, *see Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), a petitioner is required to act with due diligence both before and after receiving such notice. *Williams v. Thaler, supra*, 400 Fed. Appx. at 891.

In concluding that Petitioner is not entitled to equitable tolling in this case, the Court focuses first upon what it perceives to be the great lack of diligence shown by Petitioner in this case in failing to commence his PCR proceedings within a reasonable period of time after the finality of his convictions in the state trial court. Specifically, he failed to proceed with reasonable alacrity so as to preserve his right to pursue federal habeas corpus relief in light of the procedural posture of the state court proceedings. In this regard, by allowing 355 days of un-tolled time to elapse from the one-year limitations period before even commencing his PCR proceedings, Petitioner created a situation whereby he had only ten days left within which to maintain the continued pendency of his state court post-conviction proceedings through three levels of state review and to then file a timely federal habeas corpus application. The Court further notes that Petitioner makes no attempt to explain his long delay in commencing the state PCR proceedings.

The long delay noted above weighs heavily against a finding of equitable tolling in this case. *See Schmitt v. Zeller*, 354 Fed. Appx. 950, 951 (5th Cir. 2009) (declining to find equitable tolling where the petitioner waited 10 months after his conviction became final before applying for state habeas relief: "We have recognized that a component of the obligation to pursue rights diligently is not to wait

until near a deadline to make a filing, then seek equitable tolling when something goes awry"). *See also Nelms v. Johnson*, 51 Fed. Appx. 482 (5th Cir. 2002) (noting that the Court had "found no case in which equitable tolling was granted after a petitioner had let ten months of the … limitations period slip by"). This is further illustrated in the case of *Davis v. Cain*, 2017 WL 4296401, *4 (W.D. La. Aug. 8, 2017), where equitable tolling was denied to a petitioner who allowed 351 days of un-tolled time to elapse before commencing post-conviction proceedings in state court, thereby leaving only 14 days within which to file in federal court after the state process ended. As noted by the Court in that case, such a delay "is not due diligence." *See also Fisher v. Johnson,* 174 F.3d 710 (5th Cir. 1999) (denying equitable tolling where the petitioner commenced his state post-conviction proceedings two days prior to the expiration of the one-year limitations period and filed his federal habeas corpus application 17 days after the limitations period had expired); *Atkins v. Chappius*, 2017 WL 1489140, *2 (W.D. NY April 26, 2017) (denying equitable tolling where "plaintiff waited until 12 days prior to the expiration of the statute to file his motion for collateral relief, indicating that he did not employ due diligence in pursuing his claims"); *Caddell v. Director, TDCJ-CID*, 2010 WL 1417693, *3 (E.D. La. Mar. 11, 2010) (same where the petitioner waited 338 days after the finality of his conviction to commence state post-conviction proceedings); *Adams v. Quarterman*, 2008 WL 763071, *4 (N.D. Tex. Mar. 20, 2008) (same where the petitioner commenced his state post-conviction proceedings with only five days remaining in the limitations period); *Harris v. Quarterman*, 2007 WL 4258319, *4 (N.D. Tex. Dec. 4, 2007) (same where the petitioner commenced his state post-conviction proceedings with only one day remaining in the limitations period).

Notwithstanding the initial long delay in commencement of his state PCR proceedings, Petitioner would apparently have this Court grant him equitable tolling because of the 4-month delay that occurred when the state court clerk's office allegedly failed to send him timely notice of the denial of his PCR application on April 19, 2013. As noted above, Petitioner asserts that the clerk's office

did not in fact forward notice of this denial until August 5, 2013. This Court concludes, however, that Petitioner still has not shown that he acted with sufficient diligence to support the application of equitable tolling in this case.

As noted above, the Fifth Circuit has concluded that "[l]ong delays in receiving notice of state court action may warrant equitable tolling" under certain circumstances. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). Even then, however, a petitioner must show that he "'pursued the [habeas corpus relief] process with diligence and alacrity' both before and after receiving notification." *Id., quoting Phillips v. Donnelly*, *supra* 216 F.3d at 511. In the instant case, as noted above, Petitioner did not act with diligence prior to commencing his PCR proceedings in state court.[8] See *Davis v. Cain, supra* (noting that the petitioner had not shown diligence and had "put himself in a dangerous position" by waiting until only a "precious 14 days" remained in the limitations period to commence his state PCR proceedings). Further, with only ten days remaining within which to maintain the continuity of his proceedings in this case, Petitioner did not within ten days file his subsequent writ application in the intermediate appellate court after he finally received the late notice from the state court. Instead, after the state court clerk's office mailed Petitioner the referenced notice on or about August 5, 2013, Petitioner waited more than 3 weeks, until September 3, 2013 to file his writ application in the appellate court. As pointed out in *Davis v. Cain, supra*, it was incumbent upon Petitioner, in light of the limited time remaining to him, to have anticipated the possibility of delay and to have taken some action to prepare his anticipated pleadings in advance so as to have them ready to file immediately upon receipt of notice of the state court's action.

---

8    While Petitioner has submitted as Exhibit E to his habeas corpus application nine letters from the time period between October 1, 2010 and June 6, 2013, *see* R. Doc. 1-2 at pp. 8-16, where he was inquiring as to the status of his PCR application, that diligence does not make up for his lack of alacrity in filing the PCR application in the first place.

The decision of the Fifth Circuit Court in *Phillips v. Donnelly, supra*, is also instructive in this context. In *Phillips*, the Court concluded that the petitioner was potentially entitled to equitable tolling in light of a 4-month delay that had allegedly occurred in notification provided by the state court clerk's office relative to the denial of the petitioner's state court PCR application. In contrast to the instant case, however, it is important to note that the petitioner in *Phillips* had not waited until the last minute to commence his PCR proceedings and still had 79 days remaining in the one-year limitation period. *See also Hardy v. Quarterman*, 577 F.3d 596 (5th Cir. 2009) (equitable tolling found to be applicable because of a year-long delay in notice but where the petitioner had commenced his state PCR proceedings within 2 months of the finality of his conviction). Of greater importance in the instant case, however, is the fact that the *Phillips* Court allowed the petitioner in that case equitable tolling only until the date that he received the late notification from the state court. Thus, the Court concluded that, upon receipt of the late notice, the petitioner still had 79 days remaining to him, and he thereafter acted with diligence to commence his federal habeas corpus proceedings without exhausting all of the remaining 79 days. *See id.* at 511 ("[W]e conclude that the delay in receiving notification that Phillips describes could qualify for equitable tolling.... Thus, as of August 29 [the date that he received the late notice], Phillips would still have had 79 days remaining on the statute of limitations"). *See also Williams v. Thaler*, 400 Fed. Appx. 886, 893) (5th Cir. 2010) (concluding that equitable tolling was appropriate "until [the petitioner] first received notice of the ... denial of his state habeas application" where the petitioner had been actively misled by the state courts as to the resolution of his state court PCR proceedings, where he then had 65 days remaining in the limitations period, and where he "timely filed" his federal habeas application 46 days later).

Employing the rationale utilized by the *Phillips* Court in the instant case (and pretermitting consideration of whether Petitioner is even entitled to such rationale in light of the earlier lengthy delay of his own making), even were this Court to grant Petitioner the benefit of equitable tolling for the

period of delay caused by the late notice provided by the state court clerk's office, such tolling would have ceased as of August 5, 2013 (the date the clerk's office forwarded the late notification to Petitioner) or several days later on August 12, 2013, when Petitioner alleges that he in fact received such notification. Considering that Petitioner then had only ten days remaining in the one-year limitations period to maintain the continuity of his collateral proceedings by filing a writ application in the state appellate court, the Court finds that he did not exercise reasonable diligence by waiting until September 3, 2013, more than three weeks thereafter, to do so.

Finally, whereas Petitioner was not legally required to file an earlier "protective" federal habeas corpus application in order to show that he was acting with diligence, *see Palacios v. Stephens*, 723 F.3d 600, 607-08 (5th Cir. 2013), *citing Pace v. DeGuglielmo*, *supra,* 544 U.S. at 416, such a filing would have potentially protected him from the running of the limitations period, and his failure to do so also weighs against a finding of equitable tolling in this case. *Id*. (noting that the petitioner's "failure to file a protective federal habeas petition weighs against but is not dispositive of, the reasonable diligence inquiry"). *See also Madden v. Thaler*, 521 Fed. Appx. 316, 323 (5th Cir. 2013) (concluding that, to show diligence, the petitioner "should have filed a protective federal petition").

Based on the foregoing, the Court finds that Petitioner is not entitled to equitable tolling. In short, Petitioner has not shown that he acted with reasonable diligence during the lengthy period that elapsed before he commenced his PCR proceedings in state court or during the interval that subsequently elapsed after he received notice, albeit late, of the denial of his PCR application by the state trial court. Whereas Petitioner filed his federal habeas corpus proceeding with alacrity after the conclusion of his state court post-conviction proceedings, the Court finds that this does not make up for the prior unreasonable delays. *See Palacios v. Stephens*, 723 F.3d 600, 608 (5th Cir. 2013) (upholding a denial of equitable tolling in a close case, noting that although the petitioner demonstrated reasonable diligence toward the end of the limitations period, "it was not enough to make up for his

earlier and subsequent delay"). Accordingly, Petitioner has not made a showing sufficient to support a finding of rare and exceptional circumstances that warrant the application of equitable tolling.

Finally, in certain rare instances, a petitioner may seek to avoid the effect of untimeliness by establishing that he is in fact innocent of the charged offenses. Specifically, in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the United States Supreme Court concluded that actual innocence, if proven, may serve as a gateway through which a petitioner may pass to avoid a procedural impediment such as the statute of limitations. The Court cautioned, however, that viable actual-innocence gateway claims are rare, explaining that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of ... new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 1928, *citing Schlup v. Delo*, 513 U.S. 298, 329 (1995) (internal quotation marks omitted). To be credible, a claim of actual innocence requires that a petitioner support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial. *Schlup v. Delo, supra*, 513 U.S. at 324. In the instant case, Petitioner has presented no new evidence, much less evidence sufficient to support a claim of actual innocence, and he has therefore failed to set forth a viable claim of actual innocence sufficient to avoid the operation of the limitations bar. Accordingly, Petitioner's application should be dismissed as untimely.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where

the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of Petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## **RECOMMENDATION**

It is recommended that Petitioner's application for habeas corpus relief be denied, without prejudice, as untimely. It is further recommended that, in the event that Petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on February 27, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**